Opinion by
Mr. Justice Hall.
The parties appear here in the same order as in the trial court and we refer to them as plaintiff and defendant.
The plaintiff commenced this action on June 23, 1960. She sought to recover damages for injuries suffered May 26, 1960. In her complaint she alleges that the defendant was the owner of the premises located at 3249 West Nineteenth Avenue, Denver, Colorado, and that plaintiff was one of her tenants. She further alleges:
“3. That on or about the 26th day of May, 1960, the Defendant carelessly, recklessly and negligently permitted a dangerous metal pipe or object to protrude from the ground in an area used by the tenants in traveling in and about the premises and between the various apartments; that said condition was known or should have been known by the Defendant.
“4. That on or about said date, the Plaintiff while traveling between the apartments herein before mentioned in the evening after sunset tripped and fell over said aforementioned protrusion.”
Then follows a statement of her injuries, for which she seeks damages in the amount of $20,000.00.
The defendant filed an answer in which she admits ownership of the property, denies that the plaintiff was her tenant, denies paragraph 3, and on the basis of lack of knowledge denies paragraph 4 of the complaint, and the allegation of injuries. She also sets up as separate defenses (a) contributory negligence, and (b) unavoidable accident.
Trial was to a jury on March 23 and 24, 1961.
Plaintiff testified in her own behalf and also called the defendant as a witness for cross-examination. She introduced three photographs in evidence. Presumably *415 the foregoing were presented to establish defendant’s negligence.
On cross-examination the defendant testified that she owned the property mentioned in the complaint consisting of two lots, on the front portion of which is located an apartment house containing four apartments; that on the back portion of the lot is a “garage apartment” which she had leased to plaintiff in January or February 1960. Also located on the back portion of the lots are trash cans used by all tenants. On the west side of the apartment house is a walk leading from the apartment house to the garage apartment and the trash cans. This walk is for the use of, and is used by, the tenants.
She further testified that she had walked “along the sidewalk along the west side of the house” on Mother’s Day, shortly before the alleged accident; that her son had “at one time [about five years ago], [put] a metal rod or pipe into the ground by the basement window * * * for his T.Y. set.” To the question: “You knew that this little piece of pipe was protruding up above the surface of the cement that was poured there?,” she answered “Yes.” The cement had been poured three years previous to the accident. The pipe or rod was not over half an inch high.
The defendant identified plaintiff’s exhibits A and B, photographs which she said portrayed the west side of the house and the walk. Plaintiff introduced these exhibits in evidence and passed them to the jury.
Plaintiff’s counsel then presented to defendant a third photograph, plaintiff’s Exhibit E, and had her mark thereon “the general locality of where the rod is that is involved in this case.”
Counsel then called the plaintiff as a witness in her own behalf. The following is the sum total of her testimony which purports to have any bearing on the question of defendant’s negligence and liability:
“Q. Now, I am going to direct your attention to on or about the 26th day of May, 1960, in the evening around *416 8:00 or 9:00 o’clock, and ask if you can recall the events that occurred at that time? A. I went around there about 8:00 or 9:00 o’clock at night to use the telephone to call my girl friend to see about my husband — to see if she heard from him. When I came back around, I fell over the pipe. Q. Do you remember about what time this was? A. About 8: 00 or 9: 00 o’clock at night. Q. What were the light conditions at that time? A. I didn’t have any. Q. Were there any lights along the west side of the house? A. No, sir.”
The foregoing represents all of the evidence offered by plaintiff to establish the charge of negligence on the part of the defendant.
The only thing the evidence shows with reference to this so-called pipe or rod is that it, at some unspecified time, protruded not over one half inch above the cement. Whether it was an inch or a foot in diameter does not appear. If a pipe, whether it was jagged or capped, smooth or rounded, or covered with luminous paint does not appear. The defendant in marking on the photograph, Exhibit E, placed the pipe outside of the walk and near the wall of the house where there is, as shown in the exhibit, a sloping slab of concrete designed to keep water from the wall of the house.
Just why the plaintiff put three photographs, Exhibits A, B & E, of the walk in evidence is beyond comprehension. Not one of them shows any pipe or rod. They afford very convincing proof of the fact that there was no rod or pipe in the walk or the “general area” at the time the photographs were taken. When they were taken and by whom is undisclosed by this record.
The court properly sustained the defendant’s motion to dismiss the action.
Plaintiff’s request to reopen the case for the expressed sole purpose “to identify which pipe she fell over” was properly denied.
The evidence then before the court failed to establish *417 that there was any pipe, much less several, from which she proposed to identify the offending one.
This court has repeatedly stated that mere proof of an accident and injuries is insufficient to establish negligence.
. The judgment is affirmed.
Mr. Justice McWilliams and Mr. Justice Pringle concur.